UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-741-FL

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., *a Florida not-for-profit corporation*, and DENISE PAYNE, *Individually*, <br><br> Plaintiffs, <br><br> v. <br><br> BIG LOTS STORES, INC., *an Ohio Corporation*, <br><br> Defendant. | ORDER |

This matter comes before the court on defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (DE # 9) and plaintiffs' motion to deem their response to the motion to dismiss timely filed (DE # 25). Plaintiffs untimely responded in opposition to the motion to dismiss, and defendant timely replied. Defendant responded to plaintiffs' motion to deem their response to the motion to dismiss timely filed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted and plaintiffs' motion is denied.

**STATEMENT OF THE CASE**

Plaintiffs filed complaint on December 20, 2011, alleging violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. On February 23, 2012, defendant moved to dismiss the complaint, arguing that plaintiffs lacked standing. Plaintiffs untimely responded in opposition on July 26, 2012. Therein, they contend that they have

sufficiently demonstrated standing. On August 13, 2012, defendant filed reply. Also on August 13, 2012, plaintiffs filed a motion to deem their response to the motion to dismiss timely filed, to which defendant responded on August 14, 2012.

## STATEMENT OF THE FACTS

The facts, for purposes of defendant's Rule 12(b)(1) motion, are as follows. Plaintiff Denise Payne ("Payne") is a Florida resident. She has cerebral palsy, which renders her paralyzed from the waist down and unable to effectively use her arms and hands to grasp objects. Plaintiff National Alliance for Accessibility ("National Alliance") is a Florida non-profit corporation which works to ensure that places of public accommodation are accessible to its disabled members. Payne is a co-founder of the National Alliance.

Payne visited a friend who lives in Cary, North Carolina twice in 2010 and once in 2011. On each of these visits, Payne visited defendant's Big Lots store located at 128 Kilmayne Drive in Cary, North Carolina. She noted various violations of the ADA, including a handicapped parking space on a non-compliant slope and interior spaces (such as restrooms) that were not compliant with ADA requirements. Payne was unable to enjoy the store because of these violations, but asserts that she would like to in the future if the barriers to access are removed.

Although Payne lives in Florida, she occasionally travels on business to North Carolina and stated that she would be in North Carolina in May 2012. This travel is related to her organization, the National Alliance. In addition to this action, Payne has filed approximately eighty-four (84) other ADA lawsuits in North Carolina. In total, she has filed approximately two hundred and ninety-two (292) ADA lawsuits since 2008.

## DISCUSSION

A.   Plaintiffs' motion to deem their response to the motion to dismiss timely filed

The initial deadline for plaintiffs to respond to defendant's motion to dismiss was March 19, 2012. Almost a month after that deadline, on April 13, 2012, plaintiffs filed a motion for an extension of time to file response as to the motion to dismiss, citing an inadvertent internal calendaring error due to several similarly-named cases and requesting an additional twenty (20) days within which to file response. Defendant responded on April 16, 2012, and did not formally oppose plaintiffs' motion for an extension of time, but did note that plaintiffs had received several electronic notifications in this action subsequent to defendant's filing of the motion to dismiss which should presumably have notified them of their error in a more timely fashion.

In its discretion, on June 29, 2012, the court granted plaintiffs' motion for an extension of time in part, pursuant to Rule 6(b)(1)(B), and allowed plaintiffs seven additional days, until July 6, 2012, to respond. However, plaintiffs did not file their response until July 26, 2012, nearly three weeks after that deadline. This time, in its August 13, 2012 reply to plaintiffs' untimely response, defendant did formally oppose plaintiffs' untimely filing, noting plaintiffs' failure to request leave of the court for a second untimely filing and requesting that the court strike plaintiffs' response *sua sponte*. As a result, also on August 13, 2012, plaintiffs filed the instant motion to deem their response to the motion to dismiss timely filed, citing a second occurrence of the same inadvertent internal calendaring error due to several similarly-named cases. Defendant responded to plaintiffs' motion on August 14, 2012, incorporating by reference its argument in the August 13, 2012 reply.

The court finds that plaintiffs' repeated untimeliness has risen above the level of "excusable neglect" contemplated by Rule 6(b)(1)(B). Plaintiffs' untimeliness has now resulted in nearly two months of aggregate delay, and they have cited no explanation for their second untimely response beyond a reoccurrence of the same inadvertent internal calendaring error responsible for their failure to file a timely response back in March 2012, an error which apparently continues to arise due to the fact that plaintiffs are currently pursuing actions against multiple similarly-named defendants. Accordingly, plaintiffs' motion to deem their response to the motion to dismiss timely filed is DENIED. Plaintiffs' July 26, 2012 response (DE # 21), accompanying memorandum in support (DE # 22), and notice of filing of exhibits (DE # 23) are hereby STRICKEN. As a result, in ruling on defendant's motion to dismiss, the court will not consider any facts or arguments raised by plaintiffs in their response, memorandum in support, or notice of filing of exhibits. Additionally, because defendant's reply would not have been permissible but for plaintiffs' now-stricken response, the court will not consider any substantive arguments raised in defendant's reply.

B.  Defendant's motion to dismiss

A challenge to standing is properly considered as a challenge to subject matter jurisdiction under Rule 12(b)(1). See, e.g., White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005). Subject matter jurisdiction may be challenged at any time, and if it is lacking the case must be dismissed. See Fed. R. Civ. P. 12(h)(3). The plaintiff has the burden of establishing jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Where, as here, the defendant has not provided evidence to dispute the veracity of the jurisdictional allegations in the complaint, the court accepts the facts

alleged in the complaint as true just as it would under Rule 12(b)(6). Kerns v. United States, 585 F.3d 187, 192–93 (4th Cir. 2009).

"Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001). To satisfy the "irreducible constitutional minimum of standing," a plaintiff must make three showings. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, she must show an "injury in fact," meaning "a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. (internal quotation marks and citations omitted). Second, she must show "a causal connection between the injury and the conduct complained of." Id. Finally, she must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (internal quotation marks omitted).

Where, as here, plaintiff seeks injunctive relief, "the 'injury in fact' element of standing requires more than simply an allegation of defendant's prior wrongful conduct." Harty v. Luihn Four, Inc., 747 F. Supp. 2d 547, 551–52 (E.D.N.C. 2010) (Boyle, J.), aff'd, 453 Fed. App'x 347 (4th Cir. Nov. 16, 2011) (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983)). Instead, plaintiff must show a "substantial likelihood of future harm." Id. at 552. In other words, "to establish standing to pursue injunctive relief . . . under the ADA, [plaintiff] must demonstrate a *real* and *immediate* threat of repeated injury in the future." Chapman v. Pier I Imports Inc., 631 F.3d 939, 946 (9th Cir. 2011) (emphasis added and internal quotation marks omitted); see also Shotz v. Cates, 256 F.3d 1077, 1081–82 (11th Cir. 2001).

5

A plaintiff's "profession of an 'intent' to return to the places [she] had visited before" is not enough to establish standing to seek injunctive relief. Lujan, 504 U.S. at 564. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury" required by the Constitution. Id. In determining whether a plaintiff has demonstrated a "real and immediate threat of future harm" as required to bring an ADA claim, this court has at times considered, among other things, the following four factors: (1) the proximity of plaintiff's residence to the property in question, (2) plaintiff's past patronage of the public accommodation, (3) the definitiveness of plaintiff's plan to return, and (4) whether plaintiff frequently travels near the establishment. See, e.g., Payne v. Sears, Roebuck and Co., No. 5:11-CV-614-D, 2012 WL 1965389, at *3 (E.D.N.C. May 31, 2012); Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc. ("Waffle House I"), No. 5:10-CV-375-FL, 2011 WL 2580679, at *2 (E.D.N.C. June 29, 2011). But cf. Daniels v. Arcade, L.P., No. 11-1191, 2012 WL 1406299, at *3 (4th Cir. Apr. 24, 2012) (declining to formally endorse four-factor test as it was not helpful under the circumstances of that particular case).

In this case, the objective facts before the court demonstrate that Payne lacks standing. Payne's Florida residence, presumably located in Broward County, is more than seven hundred (700) miles away from defendant's store. Payne has informed the court of no definitive plans, past or present, to return to defendant's store. Instead, she merely asserted that she would be in Cary again in May 2012 and that she had planned to visit defendant's store again during that trip. In all relevant respects, this action is indistinguishable from those dismissed in four very recent decisions of this court, wherein Payne had also alleged nothing more than a planned May 2012

6

visit to Fayetteville, North Carolina and her desire to visit the establishments in question on that visit. See Payne v. Tri-Player Investments, No. 5:12-CV-115-BO, (DE # 30) (E.D.N.C. Aug. 7, 2012); Nat'l Alliance for Accessibility, Inc. v. Paris & Potter Mgmt. Corp., No. 5:12-CV-86-BO, (DE # 22) (E.D.N.C. Aug. 7, 2012); Payne v. Eutaw Shopping Center, Inc., No. 5:11-CV-765-BO, (DE # 42) (E.D.N.C. Aug. 3, 2012); Nat'l Alliance for Accessibility, Inc. v. Nassimi Amsterdam Dev., L.P., No. 5:11-CV-769-BO, (DE # 28) (E.D.N.C. Aug. 1, 2012).[1] As in these four cases, the additional fact that Payne appears to travel to North Carolina once or twice per year is not sufficient to compel a different result here. Finally, in addition to these four cases, the court also notes the existence of eight additional cases in which this court has reached the same result on the basis of comparable reasoning.[2]

Having determined that Payne lacks standing to bring suit, the court concludes that the National Alliance is also not a proper plaintiff. An organization such as the National Alliance has standing in a case such as this if it can demonstrate that (1) at least one individual member of the organization has standing to sue in its own right; (2) the interests the organization seeks to

---

[1] Furthermore, the court notes that even if it were to consider plaintiffs' response to the motion to dismiss, the additional facts alleged in Payne's July 26, 2012 affidavit, submitted in conjunction with her now-stricken response, are also insufficient to establish standing. In this affidavit, Payne states that her planned May 2012 trip had actually taken place in April 2012, as well as that she had a second future visit planned for November 2012. However, in two of the four recent decisions relied upon by the court here, Payne had also submitted affidavits stating that she had already returned to the establishment in question once in between the filing of the complaint and the date of the affidavit and had an additional future visit planned several months hence, which the court did not have cause to strike but nonetheless found unpersuasive. See Paris & Potter Mgmt. Corp., 5:12-CV-86-BO, (DE # 18-2); Nassimi Amsterdam, 5:11-CV-769-BO, (DE # 19-2).

[2] To wit: (1) Payne v. TR Associates, LLC, --- F. Supp. 2d ---, 2012 WL 3113211 (E.D.N.C. Jul. 20, 2012) (Boyle, J.); (2) Sears, 2012 WL 1965389; (3) Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc. ("Waffle House II"), No. 5:10-CV-385-D, 2011 WL 4544017 (E.D.N.C. Sept. 29, 2011); (4) Waffle House I, 2011 WL 2580679; (5) Harty v. Tathata, Inc., No. 5:10-CV-113-WW, 2011 WL 1261313 (E.D.N.C. Mar. 31, 2011); (6) Harty v. 42 Hotel Raleigh, LLC, No. 5:10-CV-60-WW, 2011 WL 1252877 (E.D.N.C. Mar. 30, 2011); (7) Access for the Disabled, Inc. v. Karan Krishna, LLC, No. 5:10-CV-123-WW, 2011 WL 846854 (E.D.N.C. Mar. 8, 2011); and (8) Luihn Four, 747 F. Supp. 2d 547. But cf. Harty v. Pa. Real Estate Investment Trust, No. 7:11-CV-16-H, 2012 U.S. Dist. LEXIS 18693 (E.D.N.C. Feb. 15, 2012); Harty v. Waffle House, Inc. ("Waffle House III"), No. 7:11-CV-138-D, 2011 U.S. Dist. LEXIS 112430 (E.D.N.C. Sept. 30, 2011).

protect are germane to its purposes; and (3) neither the claim asserted nor the relief requested requires participation of individual members. Retail Indus. Leaders Ass'n v. Fielder, 475 F.3d 180, 186 (4th Cir. 2007). Here, the only member of the National Alliance identified by the pleadings is Payne. Because Payne does not have standing to sue in her own right, the National Alliance cannot meet the first prong of the associational standing test.

In sum, because Payne has not demonstrated a real and immediate threat of repeated injury in the future that is personal to her, plaintiffs lack Article III standing to bring this lawsuit. Accordingly, defendant's motion to dismiss is GRANTED.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to deem their response to the motion to dismiss timely filed (DE # 25) is DENIED and defendant's motion to dismiss (DE # 9) is GRANTED. Plaintiffs' July 26, 2012 response (DE # 21), memorandum in support (DE # 22), and notice of filing of exhibits (DE # 23) are hereby STRICKEN. The Clerk is directed to close this case.

SO ORDERED, this the 3rd day of September, 2012.

LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

8